IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIMMY LEE CARTER,

    Petitioner,

v.

WILLIAM DUNCAN, Warden,

    Respondent.

No. C 02-0586 SBA (pr)

**THIRD ORDER TO SHOW CAUSE AND ORDER FOR FURTHER BRIEFING**

    Petitioner, a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised six grounds for relief on his original petition: (1) the prosecution exercised its peremptory challenges in violation of the Equal Protection Clause; (2) the trial court erred in failing to excuse a juror for cause, in violation of Petitioner's Sixth Amendment rights; (3) the trial court erred in admitting identification testimony that was based on a suggestive photographic array; (4) there was insufficient evidence presented at trial to prove that Petitioner ever possessed a gun; (5) there was insufficient evidence presented at trial to prove that Petitioner ever possessed ammunition; and (6) the trial court erred in excluding evidence of third party culpability in violation of Petitioner's due process rights.

    In an Order dated March 20, 2003, the Court found that Claims One through Five were fully exhausted and that Claim Six was unexhausted. Respondent had already filed its Answer on August 8, 2002 as to Claims One and Two, because the Court found that the first two claims were exhausted in its Order dated May 17, 2002. Therefore, in its March 20, 2003 Order, the Court ordered Petitioner to file a Third Amended Petition asserting Claims One through Five from his original petition and also ordered Respondent to amend its Answer to show why a writ of habeas corpus should not be issued as to Claims Three to Five. Petitioner filed his Third Amended Petition on April 11, 2003. Respondent filed an Amended Answer on July 9, 2003.

    Upon conducting another review of Petitioner's petition for review to the California Supreme Court, the Court now finds that Claim Six -- that the trial court erred by excluding evidence of third

party culpability at his trial -- is exhausted.  Petitioner did not attach pages 23 and 24 of his petition for review when he lodged it as an exhibit in support of his Second Amended Petition dated May 8, 2002. Therefore, the Court initially found Claim Six to be unexhausted because on pages 25 and 26 of the petition for review, Petitioner only cited two state cases in support of the claim.  Based on its review of only pages 25 and 26 of the petition of review, the Court concluded that Petitioner did not mention his federal right to due process or his right to a fair trial with respect to this claim.  Respondent has since lodged with the Court a complete copy of Petitioner's petition for review with the California Supreme Court.  See Resp't Ex. C-1.  The Court has reviewed pages 23 and 24 of the petition of review, where the Petitioner clearly mentions a violation of his federal due process rights to a fair trial with respect to Claim Six.  Therefore, the Court finds that Petitioner fulfilled the exhaustion requirement as to his claim that the trial court erred in excluding evidence of third party culpability in violation of his due process rights.

Respondent must show cause why the writ should not issue as to Claim Six or file a statement of non-opposition to the issuance of the writ on those two claims.  And Petitioner must be given an opportunity to file a traverse to any further briefing by Respondent.  Accordingly, the Court now sets the following schedule for supplemental briefing:

1.     No later than **thirty (30) days** from the date of this Order, Respondent must file and serve a supplemental answer and memorandum of points and authorities showing cause why the Court should not grant the writ as to Petitioner's claim that his right to due process was violated when the trial court erred in excluding evidence of third party culpability.  If Respondent does not oppose the issuance of the writ on Claim Six, he must file and serve a statement of non-opposition by the deadline stated above.

2.     If Petitioner wishes to respond to the supplemental answer, he must do so by filing and serving any supplemental traverse no later than **forty-five (45) days** from the date Respondent files his supplemental answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision on the date his supplemental traverse is due.

1  IT IS SO ORDERED.

3  DATED: 5/3/05

<u>s/Saundra Brown Armstrong</u><br>
SAUNDRA BROWN ARMSTRONG<br>
United States District Judge

**United States District Court**
For the Northern District of California